MCGREGOR W. SCOTT
United States Attorney
JAMES R. CONOLLY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>         Plaintiff,<br><br>     v.<br><br>LNU (aka FRANCISCO LOYA-SOLARZANO, aka "Uncle," aka "Pancho")<br>ELIAS HERNANDEZ VALENCIA (aka "Pistola")<br>FILIBERTO MADRIGAL (aka "Fily")<br>LUIS ARMANDO RIOS GARCIA (aka "Pee Wee")<br>GEORGINA CARRILLO AYALA<br>HECTOR GOMEZ-GARCIA<br>JOSE FRANCISCO BUENAVIDA (aka "Canas")<br>ENRIQUE BUENAVIDA<br>JOSE ANTONIO PANTOJA ESTRADA<br>KELLY DUANE HUGHES<br>JERRY CURTIS FOSTER<br>BART RICHARD HUGHES<br>JOSE MANUEL RODRIGUEZ (aka "Manny")<br>ROBERTO MERCADO-RANGEL,<br><br>         Defendants. | CASE NO. 2:18-CR-164-MCE<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER<br><br>DATE: April 23, 2020<br>TIME: 10:00 a.m.<br>COURT: Hon. Morrison C. England, Jr. |
| UNITED STATES OF AMERICA,<br>         Plaintiff,<br><br>     v.<br><br>LUIS ARMANDO RIOS GARCIA<br>         Defendant. | CASE NO. 1:19-CR-100-MCE<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER<br><br>DATE: April 23, 2020<br>TIME: 10:00 a.m.<br>COURT: Hon. Morrison C. England, Jr. |

STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT

1

These related case were set for status conferences on April 23, 2020, and moved to May 7, and then to June 4, 2020, on the Court's own motions, citing General Orders 611, 612, and 617.  To the extent it is needed, this stipulation supplements the basis for exclusion of time and requests the Court to exclude time under Local Code T4 as well, for the reasons set forth below.

On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to continue all criminal matters to a date after June 1.  This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1] The parties note that the Court has already designated a new date for the status conferences. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

1.  By previous orders, the related matters, both captioned above, were set for status conferences on April 23, 2020, then moved to June 4, 2020, on the Court's own motion.

2.  By this stipulation, the following defendants now move to exclude time between April 23, 2020, and June 4, 2020, under Local Code T4,

    a)  ELIAS HERNANDEZ VALENCIA (aka "Pistola")
    b)  FILIBERTO MADRIGAL (aka "Fily")
    c)  LUIS ARMANDO RIOS GARCIA (aka "Pee Wee")
    d)  GEORGINA CARRILLO AYALA
    e)  JOSE ANTONIO PANTOJA ESTRADA
    f)  JOSE MANUEL RODRIGUEZ (aka "Manny")
    g)  ROBERTO MERCADO-RANGEL.

3.  These parties agree and stipulate, and request that the Court find the following:

    a)  The government has represented that the discovery associated with this case includes seven compact discs, containing over 400 pages of investigative reports, surveillance photographs, surveillance video, and T-III wiretap transcripts. All of this discovery has been

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

either produced directly to counsel and/or made available for inspection and copying.

      b)      Counsel for defendants desire additional time to continue to review discovery, conduct investigation, communicate with the government and their respective clients, discuss possible resolutions, and prepare for trial.  The continuance is necessary to ensure continuity of counsel and for defense preparation.

      c)      Counsel for defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      d)      The government does not object to the continuance.

      e)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

      f)      As to both cases, for the purpose of computing time for these defendants under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of April 23, 2020 to June 4, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.      In regard to the defendant JOSE FRANCISCO BUENAVIDA (aka "Canas"), the government and counsel for this defendant agree and stipulate, and ask that the Court find, that the defendant's whereabouts are currently unknown, despite the exercise of due diligence.  The parties therefore ask that the Court find that for the purposes of computing time for this defendant under the Speedy Trial Act, within which trial must commence, the time period of April 23, 2020 to June 4, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(3)(A) & (B) [Local Code M].

5.      Defendant BART RICHARD HUGHES does not join this stipulation and his case is set for sentencing on June 25, 2020.

6.      Defendants KELLY DUANE HUGHES and JERRY CURTIS FOSTER have entered guilty pleas in this matter and been sentenced.  The remaining defendants not mentioned in this

1  stipulation have not yet appeared in this matter.

2      7.    Nothing in this stipulation and order shall preclude a finding that other provisions of the
3  Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial
4  must commence.

5      **IT IS SO STIPULATED**.

6  Dated:  April 23, 2020                                             McGREGOR W. SCOTT
                                                                                             United States Attorney

                                                                                              /s/ JAMES R. CONOLLY
                                                                                              JAMES R. CONOLLY
                                                                                             Assistant United States Attorney

[*Signatures continued on following page*]

| | |
|---|---|
| Dated:  April 23, 2020 | /s/ HAYES GABLE III<br>HAYES GABLE III<br>Counsel for Defendant<br>ELIAS HERNANDEZ VALENCIA |
| Dated:  April 23, 2020 | /s/ TONI WHITE<br>TONI WHITE<br>Counsel for Defendant<br>FILIBERTO MADRIGAL |
| Dated:  April 23, 2020 | /s/ PETER KMETO<br>PETER KMETO<br>Counsel for Defendant<br>LUIS ARMANDO RIOS GARCIA |
| Dated:  April 23, 2020 | /s/ TASHA PARIS CHALFANT<br>TASHA PARIS CHALFANT<br>Counsel for Defendant<br>GEORGINA CARRILLO AYALA |
| Dated:  April 23, 2020 | /s/ OLAF HEDBERG<br>OLAF HEDBERG<br>Counsel for Defendant<br>JOSE FRANCISCO BUENAVIDA |
| Dated:  April 23, 2020 | /s/ DINA SANTOS<br>DINA SANTOS<br>Counsel for Defendant<br>JOSE PANTOJA ESTRADA |
| Dated:  April 23, 2020 | /s/ DAVID D. FISCHER<br>DAVID D. FISCHER<br>Counsel for Defendant<br>JOSE RODRIGUEZ |
| Dated:  April 23, 2020 | /s/ CLEMENTE JIMENEZ<br>CLEMENTE JIMENEZ<br>Counsel for Defendant<br>ROBERTO MERCADO RANGEL |

**ORDER**

IT IS SO ORDERED.

Dated:  April 28, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT

6